

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. PD-1123-08 & PD-1124-08

### JEFFERY DANIEL HUGHEN, Appellant

### v.

### THE STATE OF TEXAS

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW FROM THE SIXTH COURT OF APPEALS FANNIN COUNTY

**PRICE, J., filed a dissenting opinion in which JOHNSON, J., joined.**

### DISSENTING OPINION

I respectfully dissent to the Court disposing of this case on the basis of an issue that

was never decided by the court of appeals. For a long time we have said that, in our capacity

as a discretionary review court, we review only "decisions" of the courts of appeals.[1] We

---

[1]

    *E.g.*, *Arline v. State*, 721 S.W.2d 348, 353 n.9 (Tex. Crim. App. 1986); *Lee v. State*, 791 S.W.2d 141, 142 (Tex. Crim. App. 1990); *Holland v. State*, 802 S.W.2d 696, 700-01 (Tex. Crim. App. 1991); *Stringer v. State*, 241 S.W.3d 52, 59 (Tex. Crim. App. 2007); George E. Dix & Robert O. Dawson, 43A TEXAS PRACTICE: CRIMINAL PRACTICE AND PROCEDURE § 44.21, at 858-59 (2d ed. 2001).

have not always been able to agree on what constitutes a "decision" of the court of appeals.[2]

But we have been fairly consistent in the requirement that the court of appeals must reach a

"decision" with respect to an issue before we will review it on the merits.[3] There are some

indications in the case law that we may even lack jurisdiction to do otherwise.[4] In cases in

which the direct appeals court should have reached the merits of an issue, but did not, and

the failure to reach the merits is brought to our attention in a petition for discretionary review,

we remand so that the appellate court can reach a "decision" in the first instance. But we do

not address the merits ourselves unless the issue is brought back to us after remand.

As I read the court of appeals's opinion in this case, it addressed only the appellant's

Fifth Amendment claim, even though he also plainly made a separate Sixth Amendment

claim on appeal. On direct appeal, citing both the Fifth and Sixth Amendments, the appellant

argued that the trial court erred in denying his pretrial motion to suppress. More specifically,

he argued that the waiver of counsel that he gave to police was invalid because they

---

[2]
*E.g.*, *Barfield v. State*, 63 S.W.3d 446, 449 n.6 (Tex. Crim. App. 2001).

[3]
If the court of appeals failed to render a decision on an issue properly brought before it, we will sometimes grant discretionary review to determine whether the court of appeals erred in failing to decide the issue. But when we find error on the part of the court of appeals in these instances, we remand to the court of appeals rather than reach the merits ourselves. *E.g.*, *Lee v. State*, *supra*; Dix & Dawson, *supra*, § 44.23, at 862-63.

[4]
*E.g.*, *Owens v. State*, 827 S.W.2d 911, 917-18 n.7 (Tex. Crim. App. 1992); Dix & Dawson, *supra*, § 44.21, at 859. *See also State v. Consaul*, 982 S.W.2d 899, 902 (Tex. Crim. App. 1998) (Price, J., concurring) ("This court's jurisdiction is limited to review of decisions by the courts of appeals.").

approached him and interrogated him without first contacting his counsel. His argument continued:

> After the invocation of the right to counsel under the Fifth Amendment, and after the Sixth Amendment right to counsel attaches, both accomplished facts in this case prior to interrogation, any subsequent waiver of counsel, to be effective, must be the product of either accused-initiated communications with the police, or police-initiated communications with the accused in the presence of counsel.

In support of this argument, the appellant cited *Minnick v. Mississippi*,[5] and *Michigan v. Jackson*,[6] among other cases.[7]

With respect to the appellant's Fifth Amendment argument, the State responded that the request for counsel he made at the Article 15.17 initial appearance "did not invoke [his] Fifth Amendment right to counsel because [he] was not subjected to police interrogation at [that] time." With respect to the appellant's discrete Sixth Amendment argument, the State responded that at the time the police interrogated him, his Sixth Amendment right to counsel had not yet attached.

---

[5] 498 U.S. 146 (1990).

[6] 475 U.S. 625 (1986).

[7] In *Minnick*, the Court held that once a suspect invokes his Fifth Amendment right to have counsel present during custodial interrogation, police may not initiate interrogation unless counsel is actually present. 498 U.S. at 153. In *Jackson*, the Court held that once the Sixth Amendment right to counsel attaches and the accused requests the assistance of counsel, police may not initiate interrogation until the accused has consulted with his counsel. 475 U.S. at 636. *But see Montejo v. Louisiana*, ___U.S.___, ___, 129 S.Ct. 2079, 2091 (2009) (overruling *Michigan v. Jackson*).

The court of appeals rejected the appellant's Fifth Amendment argument, inexplicably failed to address his Sixth Amendment argument, and affirmed the trial court's judgments of conviction.[8] With respect to the appellant's Fifth Amendment argument, the court of appeals had this to say:

> "Hughen does not claim, nor does the record show, that he was subjected to custodial interrogation when he appeared before the magistrate [pursuant to Article 15.17] and made a formal request to have counsel appointed. It was simply not an expression for assistance in dealing with custodial interrogation by the police. Thus, officers were not required [by the Fifth Amendment] to refrain from initiating interrogation, and it is clear that Hughen waived his [Fifth Amendment] right to silence and to counsel in that regard at the time questioning commenced."[9]

The appellant later filed petitions for discretionary review, which we granted.[10] In his petitions and accompanying brief, the appellant argues that "the Court of Appeals [erroneously] confined it's [sic] analysis . . . to [the] Fifth Amendment" and "fail[ed] to recognize that this case is controlled by the Sixth Amendment" as interpreted in *Rothgery v.*

---

[8]

*Hughen v. State*, 265 S.W.3d 473, 482-84, 486 (Tex.App.–Texarkana 2008); *Hughen v. State*, No. 06-07-00092-CR (Tex.App.–Texarkana 2008) (not designated for publication).

[9]

*Hughen*, 265 S.W.3d at 484.

[10]

*See* Tex. R. App. Proc. 66.3(c).

*Gillespie Co.*,[11] *Michigan v. Jackson*,[12] and *Brewer v. Williams*.[13] The appellant argues further, as he did below, that once his Sixth Amendment right to counsel attached, as it plainly did at his Article 15.17 initial appearance, then, under *Michigan v. Jackson*, his right to counsel could not be waived "unless (a) [he] initiate[d] contact with police, which did not happen here, or (b) [his] lawyer agree[d] to the waiver, [which also did not happen here]."

The State, in response, concedes that the court of appeals failed to address the appellant's Sixth Amendment argument but asserts that this failure was proper because: (1) the appellant's Sixth Amendment argument was not preserved for appellate review and (2) even if it were preserved, it was, for various reasons, meritless. The State also argues that "[i]f the Court of Appeals erred, the error was harmless because the admission of [the DVD] did not materially affect [the appellant's] conviction or punishment."

Texas Rule of Appellate Procedure 47.1 provides: "The court of appeals must hand down a written opinion that . . . addresses every issue raised and necessary to final disposition of the appeal." In this case, the court of appeals failed to adhere to Rule 47.1, *i.e.*,

---

[11] ___U.S.___, 128 S.Ct. 2578 (2008). In *Rothgery*, the Court held that the Sixth Amendment right to counsel attaches at an Article 15.17 initial appearance before a magistrate. *Id.*, S.Ct. at 2591-92.

[12] 475 U.S. 625 (1986).

[13] 430 U.S. 387 (1977). In *Brewer*, the Court held that once the Sixth Amendment right to counsel attaches, an accused has the right to have counsel present during police interrogation. *Id.*, at 401.

it failed to address the appellant's Sixth Amendment argument, even though that argument was clearly set out in his appellate briefs. Accordingly, the only proper remedy is for us to vacate the judgments of the court of appeals and remand the cases to that court so that it may consider the appellant's Sixth Amendment argument in the first instance.[14] It may well be that the court of appeals will be able to dispose of the Sixth Amendment claim as relatively summarily as the majority has done today, given the intervening opinion of the United States Supreme Court in *Montejo v. Louisiana*.[15] That is its prerogative. But until it has done so, there is no "decision" of the court of appeals for us to review in our discretionary review capacity.[16]

Because the Court addresses the merits of the appellant's Sixth Amendment claim instead of remanding it for disposition in the court of appeals, I respectfully dissent.

Filed: October 7, 2009
Publish

---

[14] *Kombudo v. State*, 171 S.W.3d 888, 889 (Tex.Crim.App. 2005); *Light v. State*, 15 S.W.3d 104, 105 (Tex.Crim.App. 2000).

[15] ___ U.S. ___, 129 S.Ct. 2079 (2009).

[16] *See* note 1, *ante.*